IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                Docket No.: 97-25 (PG)

MANUEL L. GOMEZ-GONZALEZ,

Defendant.
_____/

**MOTION FOR RECONSIDERATION AND/OR MOTION TO ALTER
OR AMEND JUDGMENT PURSUANT TO RULE 59(e) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

COMES NOW, Petitioner Manuel L. Gomez-Gonzalez, *pro-se* with motion for reconsideration pursuant to Rule 59(e) of the Fed. R. Civ. Pro. and provides as follows:

1. On April 5, 2005 Petitioner filed a Request for a Nunc Pro Tunc Designation requesting this Court clarify for purposes of the judgment and commitment order that Petitioner's current sentence should be calculated for jail credit purposes from May 10, 1997. (D.E. 436)

2. On July 8, 2005 with no further explanation this Court issued an Order stating that: "This Court is not the proper forum to entertain the petition" and dismissed the same. (Endorsed Order 7/12/05)

3. Since this Court did not clarify the correct forum for the presentation of the motion, Petitioner will take the assumption that the Court is referring Petitioner to the Eastern District of New York which was the original Federal Court which sentenced Petitioner to 70 months incarceration along with 5 years supervised release.

4. Subsequently, due to related overt acts Petitioner was indicted in this Court and sentenced to 144 months incarceration to be served concurrently with the Eastern District of New York's sentence.

5. The judgment and commitment order of this Court specifically clarified that "The defendant is to be given credit for anytime incarcerated in relation to this case. The date of the arrest was May 10, 1997". *Id.* J. and C. Order, pg. 2

6. Petitioner believes that this Court has misconstrued the sequence of events leading up to the instant matter. Accordingly, this Court is the proper forum to request a nunc pro tunc designation.

7. When Petitioner was originally sentenced by the Eastern District of New York on May 10, 1997 there were no current charges pending before the District of Puerto Rico against Petitioner. Accordingly, the District Court of New York could not have requested that a foreseeable sentence in the future be served concurrent or consecutive to any sentence to be imposed by that Court. In fact, the procedure of having the District of New York impose before this Court that a future sentence

should be served concurrent or consecutive is discouraged as a matter of law. *See United States v. Eastman*, 758 F.2d 1315, 1318 (9th Cir. 1995) (allowing a federal judge to sentence a defendant consecutively to yet imposed sentence would prevent the right to have the Court apply its own laws of sentencing for violations of criminal laws) *Id.* at 1318 (emphasis added). When the State of New York sentenced defendant, it imposed a sentence that was deemed proper after reviewing and exercising the Court's judgment as guidance.

8. Referring Petitioner to another forum or court to clarify this Court's original intentions; that Petitioner's sentence as imposed in this Court should begin from May 7, 1997 will run into direct conflict with the Appellate Court's decision in *Eastman*. *See United States v. Clayton*, 927 F.2d 491, 493 (9th Cir. 1991) and *United States v. Eastman*, 758 F.2d 1315, 1317 (9th Cir. 1995) (The rule of comity will be violated if one court would be allowed to impose in the jurisdiction of another court. Comity signifies "a proper respect for state functions"). *Id Young v. Harms*, 401 US 37 (1971)

9. In essence, this Court is the only forum and the proper venue for Petitioner to request a clarification of *this Court's* judgment issued on February 25, 2000 where the Court specifically dictated that Petitioner's jail credit should begin from May 10, 1997. In essence, the District of New York nor would any other venues have the authority to clarify the original intentions of *this Court's* judgment.

3

## **CONCLUSION**

WHEREFORE, Petitioner Manuel L. Gomez-Gonzalez respectfully prays this Honorable Court alter or amend its original judgment and clarify the original intentions of this Court when it sentenced Petitioner that he should receive jail credit from May 10, 1997 onward as were this Court's original intentions as per the statements presented in the Change of Plea colloquy between this Court, Petitioner, and the Government.[1]

Done this 25 day of July 2005

I hereby do certify that pursuant to Penalty of Perjury Title 28 U.S.C. § 1746 that on this 25 day of July 2005 I signed and mailed this document via the Federal Bureau of Prisons' Legal Mail System.

_____
Manuel L. Gomez-Gonzalez, *pro-se*
Sandstone FCI
Reg. 53446-053
P.O. Box 1000
Sandstone, MN 55072

---

[1] This Court specifically stated in its judgment and commitment order that the date of the defendant's arrest was May 10, 1997 and clarified the same during the Change of Plea colloquy that defendant's jail credit should begin from May 10, 1997. *Id.* Change of Plea Rule 11 Hearing. The United States Attorney's Office clarified the date and had no objections to the calculations of the jail credit sentence. (*Id.* Change of Plea, pg. 11, ¶ 2-25). Petitioner attempted to resolve the matter by contacting the Federal Bureau of Prisons without the assistance of counsel to no avail. The Federal Bureau of Prisons has clarified to Petitioner that a nunc pro tunc designation from this Court clarifying that Petitioner's jail credit should begin from May 10, 1997 as presented within the Change of Plea Hearing, will suffice to resolve the instant matter.

## CERTIFICATE OF SERVICE

I HEREBY DO CERTIFY that a true and correct copy of this motion for reconsideration pursuant to Rule 59(e) was mailed to: A.U.S.A. Carlos Martinez, U.S. Attorneys' Office, Torre Chardon, Suite 1201, 350 Carlos Chardon Avenue, San Juan, Puerto Rico 00918 by placing the same in the FCI Sandstone Legal Mail Box with sufficient First Class Postage.

Done this 25 day of July 2005

I hereby do certify that pursuant to Penalty of Perjury Title 28 U.S.C. § 1746 that on this 25 day of July 2005 I signed and mailed this document via the Federal Bureau of Prisons' Legal Mail System.

_____
Manuel L. Gomez-Gonzalez, *pro-se*
Sandstone FCI
Reg. 53446-053
P.O. Box 1000
Sandstone, MN 55072